# Third District Court of Appeal
## State of Florida

Opinion filed March 27, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1560
Lower Tribunal No. 19-11811
_____

**Dora Martinez,**
Appellant,

vs.

**Bank of America, N.A.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

David J. Winker, P.A., and David Winker, for appellant.

Liebler, Gonzalez & Portuondo, and Adam J. Wick, for appellee.

Before LINDSEY, LOBREE, and BOKOR, JJ.

PER CURIAM.

Appellant, Dora Martinez, appeals the trial court's Default and Summary Final Judgment of Foreclosure in favor of Appellee, Bank of America, N.A, which followed the Bank's Motion for Summary Judgment.

The parties agree that the trial court did not explain its reasoning in its written order in accordance with Florida Rule of Civil Procedure 1.510(a), mandating that "[t]he court shall state on the record the reasons for granting or denying the motion." See also Jones v. Ervolino, 339 So. 3d 473, 475 (Fla. 3d DCA 2022) ("[R]ule 1.510(a) says that the court *shall* do so. The wording of the new rule makes clear that the court's obligation in this regard is mandatory." (quoting In re Amends. to Fla. R. Civ. P. 1.510, 317 So. 3d 72, 77 (Fla. 2021))).

Further, there are no transcripts of the hearing on the Motion in the record, but it is undisputed that the trial court did not grant summary judgment at the hearing. Thus, the trial court failed to provide reasoning for its order, either orally during the hearing or in its written order. See Ballard v. Bank of Am., N.A., 365 So. 3d 1219, 1221 (Fla. 2d DCA 2023) ("Had the trial court granted summary judgment at the hearing, we could have denied relief on this issue due to [appellant's] failure to provide a transcript or statement of the proceedings pursuant to Florida Rule of Appellate Procedure 9.200(b)(5).").

Accordingly, we are compelled to reverse and remand for entry of an order compliant with rule 1.510(a).  See Jones, 339 So. 3d at 475 (reversing and remanding for entry of an order complying with rule 1.510(a)); Mech v. Brazilian Waxing by Sisters, Inc., 349 So. 3d 453, 456 (Fla. 4th DCA 2022) (reversing and remanding with directions for the trial court to provide its reasoning pursuant to rule 1.510(a)).

Reversed and remanded.